MARC S. HINES (SBN 140065)
mhines@hineshamptonllp.com
NICOLE M. HAMPTON (SBN 189024)
nhampton@hineshamptonllp.com
HINES HAMPTON, LLP
34 Executive Park, Suite 260
Irvine, California 92614
Tel.: (714) 513-1122
Fax: (714) 242-9529

Attorneys for Defendants,
NATIONWIDE MUTUAL INSURANCE COMPANY AND
AMCO INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALLA SUZDALTSEV, YURIY SUZDALTSEV<br><br>          Plaintiffs,<br><br>vs.<br><br>AMCO INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO.:<br><br>[Lower Court Case No.: PC058696 Los Angeles County Superior Court – Chatsworth Courthouse]<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>**[28 U.S.C. §§ 1332 and 1441(b); DIVERSITY JURISDICTION]**<br><br><br>**Complaint filed: August 7, 2018**<br>**Trial Date: None Set** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendants AMCO INSURANCE COMPANY ("AMCO") and NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide") hereby remove the action titled *Alla Suzdaltsev and Yuriy Suzdaltsev v. AMCO Insurance Company, et al.*, filed in Los Angeles County Superior Court, Chatsworth Courthouse, Case No. PC058696, to the United States

District Court for the Central District of California, Western Division, on the grounds set forth below:

## I.    JURISDICTIONAL STATEMENT PER LOCAL RULE 8-1.

1.    This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1441 and 1446.  This Notice of Removal is being filed on Defendants' behalf, and Defendants are the only named defendants other than "DOES 1-50".  Therefore, no joinder of other persons in this Notice of Removal is required.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

2.    This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441.

## II.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION.

### A.    Diversity of Citizenship.

3.    On August 7, 2018, Plaintiffs Alla Suzdaltsev and Yuriy Suzdaltsev filed a Complaint against Defendants AMCO, Nationwide and Does 1 through 50, asserting causes of action for alleged breach of contract and breach of the implied covenant of good faith and fair dealing, in the matter titled *Alla Suzdaltsev and Yuriy Suzdaltsev v. AMCO Insurance Company, et al.*, filed in Los Angeles County Superior Court, Chatsworth Courthouse, Case No. PC058696 (the "Lawsuit").

4.    On January 18, 2019, Nationwide's registered Agent for Service of Process in California, Corporation Service Company ("CSC"), was personally served with the Summons, Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum and Statement of Location from the Lawsuit. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet and Addendum, and Notice of Service of Process are attached hereto as **Exhibit "A."**

5.    Plaintiff has not yet served AMCO in the Lawsuit but it has voluntarily appeared in the Lawsuit.

6.     On February 12, 2019, Nationwide and AMCO filed an Answer to the Complaint in the Los Angeles Superior Court, Chatsworth Courthouse, a true and correct copy of which is attached hereto as **Exhibit "B."**

7.     At the time of the Lawsuit's filing and this Notice of Removal, Nationwide, which is a mutual insurance company, was and is a corporation organized and existing under the laws of the State of Ohio with its principal place of business – meaning "the place where [its] officers direct, control and coordinate [its] activities" – located in Columbus, Ohio. Hertz Corp. v. Friend (2010) 559 U.S. 77, 92-93; Harris v. Rand (9th Cir. 2012) 682 F.3d 846, 849.

8.     At the time of the Lawsuit's filing and this Notice of Removal, AMCO, which is an Iowa insurance company, was and is a corporation organized and existing under the laws of the State of Iowa with its principal place of business – meaning "the place where [its] officers direct, control and coordinate [its] activities" – located in Des Moines, Iowa.

9.     This action case is removable to federal court on the basis of diversity jurisdiction.

10.     This is because, at all relevant times, including at the time Plaintiffs filed and served the Lawsuit and as of the date of this Notice of Removal, Plaintiffs were and are citizens and residents of the State of California, County of Los Angeles (Complaint, ¶¶ 6 & 7), Defendant Nationwide, as stated hereinabove, is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Columbus, Ohio, and Defendant AMCO, as stated hereinabove, is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located in Des Moines, Iowa. (See also, the California Department of Insurance website print-outs attached hereto as **Exhibit "C"**).

11.     The citizenship of defendants sued under fictitious names is disregarded for removal purposes.  *See* 28 U.S.C. § 1441(b). Defendants are

DEFENDANTS' NOTICE OF REMOVAL

informed and believe that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the other fictitiously named defendants are not parties to this action and need not consent to removal. See, Fristoe v. Reynolds Metals Co. (9th Cir. 1980) 615 F.2d 1209, 1213.

**B.   The Amount in Controversy Exceeds $75,000.**

***Summary of the Allegations in the Complaint.***

12.    Plaintiffs allege that they are insureds under a Homeowners policy of insurance issued by Defendants, insuring their residential property located at 18348 Chatman Lane, in Northridge, California. (Complaint, ¶ 10).

13.    Plaintiffs allege that on or about September 19, 2016, while they were away on a business trip, the insured residence sustained severe and extensive water damage due to a contaminated overflow of water from the plumbing system, causing significant damage and destruction to the residence, personal property and contents of the residence. (Complaint, ¶ 11).

14.    Plaintiffs submitted a claim for insurance benefits under the policy to Defendants for the alleged damage to the residence, personal property and contents. (Complaint, ¶12).

15.    Plaintiffs allege that, on October 14, 2016, Defendants prepared an estimate of the water damage for dwelling benefits in the sum of $10,381.99, actual cash value, and additionally calculated the cost of emergency services in the sum of $4,000.60, and tendered a payment to Plaintiffs for the cash value of repairs to the dwelling in the sum of $14,382.59. (Complaint, ¶¶ 21-23).

16.    Plaintiffs allege that on October 18, 2016, they retained a public adjuster to inspect the damages and he prepared an itemized repair estimate for water damage to the dwelling in the sum of $320,286.27. (Complaint, ¶ 24).

17.    Plaintiffs allege that on October 31, 2016, an independent estimate of pack-out expenses was completed in the sum of $63,133.44. (Complaint, ¶25).

18.     Plaintiffs allege that on December 22, 2016, Defendants prepared a second estimate for the cost to repair dwelling damage in the sum of $127,488.37 and a second contents estimate at replacement value of $9,722.69. (Complaint, ¶ 26).

19.     Plaintiffs allege that on January 23, 2017, Defendants tendered to them two checks totaling $7,583.50 as payment for emergency services related to the water damage. (Complaint, ¶27).

20.     Plaintiffs allege that as of January 25, 2017, they were still owed payment for undisputed benefits in the sum of $139,711.06. (Complaint, ¶29).

21.     Plaintiffs allege that on October 25, 2017, they made an additional claim for 12 months of additional living expense benefits in an unspecified sum. (Complaint, ¶ 31).

22.     Plaintiffs allege that on November 11, 2017, Defendants tendered two payments to them: one in the sum of $127,425.20 for the undisputed dwelling damages (which sum included the prior payment of $14,382.50 which had not been cashed due to a misspelling of the payees' name); and the second in the sum of $9,722.69 for the undisputed amount of pack-out expenses. (Complaint, ¶ 32).

23.     Plaintiffs allege that an independent estimate of the fair rental value of the residence was prepared in the sum of $7,900 - $10,650 per month. (Complaint, ¶ 33).

24.     Plaintiffs allege that on March 1, 2018, their public adjuster provided a revised estimate for dwelling water damage in the sum of $285,040.35. (Complaint, ¶ 34).

25.     Plaintiffs allege that on March 20, 2018 they made a "final demand" to Defendants in the amount of $458,407.22 as full payment concerning "all pending claims" for water damages with regard to the residential property, personal property contents, pack-out expenses, emergency services, additional

DEFENDANTS' NOTICE OF REMOVAL

living expenses, and/or loss of use expenses caused by the water damage. (Complaint, ¶ 35).

26.    Plaintiffs allege Defendants offered an additional $60,000 as full payment for all pending claims, which offer Plaintiffs rejected. Plaintiffs allege Defendants then offered an additional $90,000 as full payment for all pending claims, which offer Plaintiffs rejected. (Complaint, ¶ 36).

27.    Plaintiffs allege Defendants have failed and refused, and continue to fail and refuse, to tender payment in the amount demanded by Plaintiffs as their final demand, i.e., in the sum of $458,407.22. (Complaint, ¶¶ 35 - 37). Accordingly, the present amount in controversy, including only the claim for insurance benefits and not taking into consideration the bad faith claim, is $458,407.22.

### _The Requisite Amount in Controversy is Satisfied._

28.    The amount in controversy in this action exceeds $75,000, exclusive of interest on damages awarded in this action and costs.

29.    The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. As set forth hereinabove, Plaintiffs have alleged breach of contract damages in excess of $458,000, not including interest, and not taking into consideration Plaintiffs' alleged bad faith damages. Accordingly, the amount in controversy in the Lawsuit well exceeds $75,000, even if based solely on the breach of contract claim.

### III.    THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER.

30.    Defendants have timely filed this Notice of Removal in accordance with 28 U.S.C. § 1446(b), because Defendant AMCO has not been served with the Summons and Complaint and Defendant Nationwide is filing the Notice of Removal within 30 days after service of the Summons and Complaint on it. The Lawsuit was filed on August 7, 2018. It was served on Nationwide on January 18,

2019 and this Notice of Removal is being filed on February 14, 2019, within thirty days of service (30 days is February 17, 2019).

31.     In accordance with the requirements of 28 U.S.C. § 1446(a), which requires a removing defendant to include, with the Notice of Removal, a copy of "all process, pleadings and orders served upon such defendant," attached as Exhibits "A" and "B" are copies of the Summons, Complaint, Civil Case Cover Sheet, and Amendment to the Civil Case Cover Sheet as served on Nationwide, as well as Defendants' filed Answer to the Complaint.

32.     A copy of this Notice will be served on counsel for Plaintiffs and filed with the Los Angeles County Superior Court. No other party named in the Complaint, other than Nationwide and AMCO, has filed an appearance as of the date of filing of this Notice of Removal.


Dated:  February 13, 2019                         HINES HAMPTON, LLP


                                                  _____
                                                  Marc S. Hines
                                                  Nicole M. Hampton
                                                  Attorneys for Defendants
                                                  AMCO INSURANCE COMPANY
                                                  and NATIONWIDE MUTUAL
                                                  INSURANCE COMPANY